JOSÉ RIVERA VELÁZQUEZ y JOSÉ A. VERGNE, demandantes y apelantes, *v.* ZOILO SANTIAGO, demandado y apelado. JOSÉ RIVERA VELÁZQUEZ y JOSÉ A. VERGNE, demandantes y apelantes, *v.* JUAN TORRES SANTIAGO, demandado y apelado.

Núms. 7971 y 7972.*

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SEÑOR WOLF

Cuando en 1904 la Legislatura de Puerto Rico puso en vigor el Código de Enjuiciamiento Civil, había cierta duda de si por tal razón la Ley de Desahucio española no había

* NOTA: Véase la opinión de la mayoría en la pág. 381.

quedado abolida en unión con otras materias de procedimiento que existían antes. Por tanto, en 5 de marzo de 1905, la Legislatura aprobó la Ley de Desahucio que con algunas ligeras excepciones era una repetición de la vieja Ley de Desahucio que esta Isla había heredado de España. No conozco, y no trataré de trazar el origen de la doctrina de que cuando surge un conflicto de títulos, la Ley de Desahucio no es aplicable. Lo cierto es que la Corte Suprema de España ha sostenido que cuando hay tal conflicto se debe recurrir a un pleito ordinario.

Leyendo la Ley de Desahucio no hay una sola palabra en su contenido que diga bajo qué circunstancias se debe recurrir a un pleito ordinario. No había limitación en la Ley de Desahucio. Cualquier procedimiento o principio antes existente, desaparecería por razón de los derechos definitivos otorgados en España, y subsiguientemente en Puerto Rico, a las partes en un procedimiento de desahucio. Parece que la Corte Suprema de España continúa una práctica que había prevalecido anteriormente.

Hay cierta analogía entre la Ley de Desahucio y la de Hogar Seguro en este sentido: que cuando la última fué aprobada, derogó cualquiera principios del Código Civil o la Ley Hipotecaria que fueran inconsistentes con la referida Ley de Hogar Seguro, y así hemos interpretado la ley. Por tanto, yo insisto en que los términos de la Ley de Desahucio deben ser seguidos y que ninguna persona debe ser lanzada fuera de la corte cuando su caso puede ser resuelto dentro de los términos de la ley misma. No hay nada en dicha ley que en mi concepto sugiera aún ligeramente que cuando el dueño de una propiedad desee recobrar la posesión de la misma, tenga que recurrir a un procedimiento ordinario cuando en cualquier momento o de cualquier modo, uno que haya fabricado sobre el terreno con el permiso del dueño rehuse entregar la posesión digamos del terreno sobre el cual una casa ha sido construída.

La sección 18 de la Ley de Desahucio lee como sigue:

"No será un obstáculo para el lanzamiento el que el colono o in-

quilino reclame como suyos labores, plantíos o cualquiera otra cosa que no se pueda separar de la finca.

"En este caso el márshal procederá al inmediato lanzamiento, sin prórroga alguna, y una vez efectuado éste a instancia del interesado procederá a la práctica de un avalúo a costa del reclamante, previa designación de un perito nombrado por los interesados de común acuerdo, y en caso de discordia de tres peritos designados uno por cada parte y el tercero por el márshal. Practicado el justiprecio y recibido por el márshal el resultado del mismo por escrito que firmarán los peritos, los interesados y dicho funcionario, lo devolverá a la corte con la orden de ejecución; quedando al demandado libre el ejercicio de su acción para reclamar ante el tribunal competente el importe de la cantidad en que se aprecie lo que creyese corresponderle."

Bajo este artículo, como yo lo leo, cuando un dueño procede contra una persona que tiene una casa construída en terrenos del dueño, éste no tiene que llegar a un acuerdo previo con el dueño de la casa sobre el costo de los materiales y la construcción de la casa antes de tener derecho a instituir un procedimiento de desahucio. Por el contrario, como se entendía por la profesión en Puerto Rico y como yo recuerdo que se hizo objeto de varias de nuestras decisiones, es dentro del procedimiento de desahucio que la cuestión del valor de estos materiales puede ser decidida directamente por el márshal con el consentimiento de las partes o mediante peritos. Esto puede hacerse directamente bajo los auspicios de la corte en cualquier procedimiento de desahucio.

El principio moderno es evitar la multiplicidad de procedimientos y si un estatuto en particular, para el lanzamiento de una persona permite que todo se haga bajo dicha ley específica, no hay necesidad de otra clase de pleito. En el caso ante nos el arrendatario o su abogado reconocieron esta posibilidad pero trataron de levantar prescripción del terreno. No tenían derecho a hacer tal cosa. La prescripción no cabía dentro de las circunstancias del caso. Si un hombre hace un contrato de arrendamiento y éste expira, su posesión siempre ha sido, civilmente, la del dueño y cuando su contrato expira no puede alegar ningún derecho, no en-

vuelto en el contrato de arrendamiento. Es entonces el arrendatario quien debía presentar su reclamación contra el arrendador y presentar sus derechos al mismo.

El arrimado o agregado que con el consentimiento del dueño erige una casa, no adquiere por ello ningún derecho al terreno, y si alguno, sería menor que el de un hombre a quien se arrienda el terreno directamente. Supongamos, sin decidir, que cuando el dueño del terreno permite a una persona que se convierta en un arrimado o agregado lo hace así en pago de servicios suministrados por el arrimado o agregado. Pero, sin embargo, esta relación no se puede suponer de más valor que la que tenga un arrendatario, usufructuario, u otras personas a quienes Manresa se refiere. ¿Por qué una persona que no tiene un contrato específico o no puede demostrar uno es preferida a otros que sí lo tienen?

Sin embargo, en el caso de autos no hay nada que demuestre que el arrimado a través de su abogado alegara que tuviera un contrato o nada parecido.

No encuentro nada en la cita de Sánchez Román que milite contra los principios que estoy tratando de exponer. Ella simplemente confirma el hecho de que una persona que construye sobre terreno perteneciente a otro, tiene ciertos derechos cuando va a ser lanzada del terreno. Estos derechos pueden ser determinados en el procedimiento de desahucio.

El Código Civil provee en la sección 373:

"Los actos meramente tolerados y los ejecutados clandestinamente y sin conocimiento del poseedor de una cosa, o con violencia, no afectan a la posesión."

Los casos de Plazuela Sugar Company y otros demuestran cómo ciertos supuestos derechos importantes no pueden violar este principio. En otras palabras, que una corporación que instala un ferrocarril sobre terrenos de otro y el dueño de ellos no proteste, no adquiere derechos y la vía puede ser le-

vantada prácticamente bajo el principio de la sección mencionada.

No estoy insistiendo mucho sobre este punto porque creo que el caso puede ser resuelto bajo principios directos del Código Civil. Sin embargo, si se trata de afirmar que el dueño de un pedazo de terreno está obligado a pagar una consideración a cualquiera que se establece sobre su terreno a la manera de un agregado o arrimado y se cita un supuesto principio de ley, entonces supongamos un caso distinto. Supongamos que un agregado o arrimado hace lo que se acostumbraba en el pasado y se sigue haciendo, que construye una pequeña casa o tormentera que tiene un valor casi negligible, digamos $10, bajo la sugerencia, entonces, antes de que, el dueño del pedazo de terreno pueda proceder a su lanzamiento, debe traer un pleito ordinario en su contra. La opinión parece exigir como condición precedente que el dueño de un pedazo de terreno sobre el cual un arrimado o agregado ha construído una casa, haya llegado a un acuerdo sobre la cantidad que el dueño ha de pagar a dicho arrimado. Es obvio que no puede haber acuerdo de esta supuesta clase a menos que haya la unión de las voluntades de ambas partes. En otras palabras, si el arrimado exige por su propiedad tres o cuatro veces lo que realmente vale, probablemente no habría acuerdo. Es inútil decir que en tal caso, desde luego, el procedimiento de desahucio debía proseguir porque entonces el resultado sería que una persona con perfecto derecho a un pleito de desahucio, debido a la acción refractaria de un arrimado, vendría obligado a alegar en su demanda de desahucio que no había podido llegar a un acuerdo con su arrendatario. Esto es introducir algo en la Ley de Desahucio que yo no encuentro en la misma.

Debió por tanto, revocarse las sentencias.